LOUIS A. ARTHUR, PLAINTIFF-RESPONDENT, v. MARY CALABRESE ET AL., DEFENDANTS-APPELLANTS.

Submitted October term, 1929—Decided January 8, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-respondent, *Joseph B. Stadlmauer.*

For the defendants-appellants, *Feder & Rinzler.*

PER CURIAM.

We think the District Court rightly decided this case. The judgment should not be reversed, unless some substantial rule has been ignored to the prejudice of the defendant, which is not, the case. The state of demand shows that the suit was brought on the 9th of February, 1929, to recover the possession of a Mack truck and a Packard touring car, which were seized under a distress warrant, for the sum of $160, alleged to be due to the defendant Mary Calabrese, from the plaintiff Louis A. Arthur for six months' rent of the garage occupied by the plaintiff at number 182 Westervelt Place, Lodi, New Jersey. The case was tried by the court without a jury, resulting in a judgment for possession and six cents damages. The defendants at the trial moved for a nonsuit, which was denied by the trial court, after which the defendant submitted no testimony. She appealed and filed a specification of determination, with which she is dissatisfied in point of law, viz., a motion for a nonsuit was made, on the ground that there was no legal proof of any demand either in writing or oral prior to the issuing of the writ of replevin. This is the only point involved in the case. The state of the case settled by the court and brought up with the appeal, in the printed book, shows these facts, viz., the court found there was due the defendant from the plaintiff for rent the sum of $40 and not $160, as claimed by the defendant. The only evidence in the case, on this point, supports this finding of fact by the trial court. The plaintiff offered or tendered this sum of $40 to the defendant Mary Calabrese, which she refused. Afterwards she caused to be issued the distress warrant on the goods, involved in the replevin suit. At the trial, the plaintiff again tendered the sum of $40 in cash to the defendant, which she again refused, he then paid $40 into court, alleging that sum to be the true amount due for rent, which the court found to be the correct amount. Under this state of facts, a demand before bringing the replevin suit was unnecessary; it would be but an idle form. Moreover, under the circumstances there was such a conversion by the defendant of the plaintiff's goods, a further demand

was unnecessary; a tender by the tenant of the amount really due and a refusal; the seizure thereafter by the landlord was an unlawful taking. The trial court so found and with that conclusion we concur.

Cases like *Veader* v. *Veader,* 87 *N. J. L.* 140, are not applicable to the facts of this case.

The judgment of the District Court of the Second Judicial District of Bergen county is therefore affirmed, with costs.